UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TERRY NELSON, et al.,                          )
                                               )
          Plaintiffs,                          )
                                               )
     vs.                                       )     Case No. 4:12-CV-1185 (CEJ)
                                               )
WEILMUENSTER LAW GROUP P.C., et al., )
                                               )
          Defendants.                          )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss by defendants Eddy Barnett and Sharon Barnett.  Defendants oppose plaintiffs' motion, and plaintiffs request additional time to file their reply to defendants' opposition.

Plaintiffs in this matter are the Trustees of the Carpenters' Health and Welfare Trust Fund of St. Louis, a Plan subject to the provisions of the Employee Retirement Income Security Act (ERISA) of 1974, as amended, 29 U.S.C. §1001 *et seq.* Defendant Eddy Barnett was a participant in the plan when he was injured in a car accident.  The plan advanced Eddy Barnett benefits in the amount of $151,542.24, to be repaid in the event of Barnett's recovery from a third-party.  Barnett and his attorney at Weilmuenster Law Group signed a Subrogation Agreement, confirming Barnett's knowledge of the condition that the Plan be reimbursed.  Plaintiffs allege that Barnett recovered $195,396.95 from the estate of the third-party responsible for the car accident.  Plaintiffs seek equitable relief allowing the recovery of $151,542.24 pursuant to 29 USC §1132(a)(3), including the enforcement of an equitable lien by agreement, constructive trust, equitable restitution, specific performance, and a declaration of rights under the Plan.  In short, plaintiffs seek reimbursement from Eddy

Barnett, his wife Sharon Barnett, and the law firm Weilmuenster to the extent that any of these defendants hold or control the funds obtained from the third-party.

The Barnett defendants are proceeding *pro se*, and their motion to dismiss contains a variety of factual allegations. They claim that the Fund violated their rights by requiring that Eddy Barnett obtain an attorney when signing the Subrogation Agreement, and that the terms of the Subrogation Agreement were misrepresented to them. Plaintiffs responded and expressed uncertainty about the grounds of defendants' motion. Indeed, defendants do not assert any grounds that would support a motion to dismiss under Fed. R. Civ. P. 12(b).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [Doc. # 9] is **DENIED**.

**IT IS FURTHER ORDERED** that defendants must file an answer to plaintiffs' complaint no later than **Friday, December 21, 2012**.

**IT IS FURTHER ORDERED** that defendants' motion for extension of time to file a reply [Doc. # 11] is **DENIED** as moot.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of December, 2012.